UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

SHIRLEY TALLENT )
 )
v. ) NO. 3:04-CV-581
 )
JO ANNE B. BARNHARDT, )
Commissioner of Social Security )

**MEMORANDUM OPINION**

The plaintiff Shirley Tallent has filed a complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying her application for disability insurance benefits under the Social Security Act. Both parties apparently have an intent to rely upon the record; consequently, no motions have been filed.

Ms. Tallent was born in 1968 and was 35 years old at the time of her administrative hearing. [Tr. 56]. She has a Graduate Equivalency Diploma [GED] and has relevant past work experience as a certified nursing assistant, finisher in a boot factory, and sewing machine operator. [Tr. 20, 56]. Ms. Tallent alleges she is disabled as of August 15, 2001, from a hernia, chronic pain in her back, hips, and legs, and an affective disorder. [Tr. 21]. Based upon a finding that Ms. Tallent's impairments were severe but not severe enough, the Administrative Law Judge [ALJ]

found that Ms. Tallent was not disabled as defined by the Social Security Act. [*Id*.].

At Ms. Tallent's administrative hearing held on October 2, 2003, the testimony of Ms. Tallent, Amanda Tallent, Kayla Tallent, Elicia Tallent, and vocational expert Dr. Jim Friedlob was received into evidence. [Tr. 55-120]. Ms. Tallent testified she used to work as an assembler in a boot factory, a sewing machine operator, a spot welder, a certified nursing assistant, and a mushroom factory worker. [Tr. 56]. She indicated she last worked in June 2001. [Tr. 60]. Ms. Tallent indicated the impairment which most prevents her from working is her low back and hip pain. [Tr. 72-73]. She was also affected by right shoulder pain, neck pain, weak knees and ankles, and hip pain. [Tr. 73-77].

Ms. Amanda Tallent, Ms. Tallent's niece, testified next. [Tr. 96-98]. She testified she often took her aunt to the doctor and that she observed her being in pain. [Tr. 97].

Ms. Kayla Tallent, Ms. Tallent's daughter, testified next. [Tr. 98-101]. She testified she helped out her mother with cooking, cleaning, and dressing. [Tr. 99].

Ms. Elicia Tallent, Ms. Tallent's other daughter, testified next. [Tr. 101-03]. She testified her mother was very forgetful and required a calendar for writing down medical appointments. [Tr. 102].

The last witness was vocational expert Dr. Jim Friedlob. [Tr. 103-19].

According to the vocational expert, Ms. Tallent's past relevant work ranged from light and unskilled to medium and semi-skilled. [Tr. 105]. The ALJ then asked him to consider a person with known impairments of the left and right shoulders who was unable to lift more than five pounds overhead occasionally and could not perform any overhead repetitive work. [Tr. 105-06]. According to the vocational expert, such a person would be able to perform light work. [Tr. 106, 108].

The ALJ ruled that Ms. Tallent was not disabled because he found that she had "no impairment, either singly or in combination" which met or equaled in severity the requirements for disability. [Tr. 21]. The ALJ then found that Ms. Tallent retained the residual functional capacity [RFC] to perform light work activity allowing a sitting and standing option and no repetitive bending. [Tr. 24].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the

evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

This court agrees with the ALJ's decision. The ALJ carefully and thoroughly reviewed the medical record and Ms. Tallent's own statements to reach his conclusions. First, the ALJ found that Ms. Tallent had severe impairments, including tendinitis of her right shoulder, degenerative disc disease of the lumbar spine, and an affective disorder. [Tr. 21]. However, none of these impairments was severe enough (singly or in combination) to warrant a disability finding. [*Id.*]. The ALJ also noted that an examination of Ms. Tallent in July 2002–more than a year since she claimed she was disabled–indicated no objective findings that would corroborate Ms. Tallent's complaints of pain. [Tr. 22]. Treatment notes from August 2003 showed relief from pain and an improvement in her ability to sleep. [Tr. 23]. Also in 2003, an orthopedic surgeon examined Ms. Tallent and noted that she had no limitation in the external or internal range of motion in her shoulders. [*Id.*]. The surgeon also opined that her symptoms were exaggerated and that she was taking too much pain medication. [*Id.*]. Along those lines, another doctor in 2003 reported that Ms. Tallent's medication regimen needed to be altered and that she needed to stop "catastrophis[ing] pain flares." [*Id.*]. Examinations of Ms. Tallent's extremities have shown normal strength and normal range of motion, and examinations of the cervical

4

and lumbar spine have shown only a slight lessening of range of motion. [Tr. 24]. Finally, the ALJ noted that no treating physician described Ms. Tallent as disabled, and her treating orthopedist stated she had the ability to perform light work with certain restrictions. [*Id.*].

In summary, the ALJ stated:

> Due to the absence of significant objective and laboratory medical findings which provide confirmation of an impairment that could reasonably be expected to cause the subjective complaints, and based on the relatively mild pathology documented by the clinical examinations, and considering the claimant's reported activities of daily living, all of which provide to me an indication as to the intensity, persistence and limitations caused by the subjective complaints, I find the claimant's subjective allegations to be unsupported by the record as a whole . . . . [Tr. 25].

This court agrees with the above summary.

After careful consideration of the entire record of proceedings related to this case, the ALJ's decision is found to be based on substantial evidence, and Ms. Tallent's complaint is dismissed.

An appropriate order will follow.

ENTER:

             s/Thomas Gray Hull
             THOMAS GRAY HULL
               SENIOR U. S. DISTRICT JUDGE